**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**
**CIVIL ACTION NO. 26-CV-2167**

| | | |
|---|---|---|
| ANGELA R. FOX,<br><br>Plaintiff,<br>v.<br><br>DENTSPLY SIRONA INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **DENTSPLY SIRONA INC.'S NOTICE OF REMOVAL** |

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Dentsply Sirona Inc. ("Dentsply") respectfully gives notice of the removal of the above-captioned case from the Circuit Court of the State of Wisconsin, Waukesha County, to the United States District Court for the Eastern District of Wisconsin. This removal is based on the following grounds:

## REQUIREMENTS FOR REMOVAL AND SUMMARY

1. On October 15, 2026, Plaintiff Angela Fox ("Fox") commenced this action by filing a complaint against Dentsply in the Circuit Court of Waukesha County, Wisconsin, Case No. 26-cv-1827. As required by 28 U.S.C. § 1446(a), attached as **Exhibit A** are copies of all process, pleadings, orders, and other papers or exhibits filed in the state court.

2. On November 10, 2026, Fox filed a First Amended Complaint ("FAC").

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as Dentsply was served with Plaintiff's complaint on October 21, 2026.

4. This action is properly removed to the United States District Court for the Eastern District of Wisconsin and venue is proper in this District, because the Circuit Court of Waukesha

County, Wisconsin, in which this action was originally filed, is within the Eastern District of Wisconsin. *See* 28 U.S.C. §§ 130(a), 1441(a).

5. Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action will be promptly served upon Plaintiff's counsel, and a Notice of Filing of Notice of Removal is being filed with the Clerk of the Circuit Court of Waukesha County, Wisconsin.

6. The Court has jurisdiction over this matter under the Court's subject-matter jurisdiction established by 28 U.S.C. § 1332(a). The dispute is between completely diverse parties and the amount in controversy exceeds $75,000. As detailed below, this is an action concerning Plaintiff's post-employment obligations owed to Dentsply the value of which exceeds $75,000 and her separate demand that Dentsply pay her amounts in excess of $75,000.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

7. Plaintiff alleges that she is a citizen and resident of Wisconsin. FAC ¶ 1.

8. The FAC names Dentsply as a defendant and Plaintiff alleges Dentsply is a Delaware corporation with its principal office in Charlotte, North Carolina. *Id.* ¶ 2.

9. According to Plaintiff, "Dentsply is engaged in the development, production, manufacturing and marketing of dental products." *Id.* ¶ 12.

10. Fox alleges that she worked in the dental industry "for approximately 23 years," the last 20 of which were for Dentsply. *Id.* ¶¶ 15–16. According to Plaintiff, for "the last 13 years of her employment, [she] worked as a Regional Sales Manager," managing a team of "seven to eleven sales representatives." *Id.* ¶¶ 20–21.

11. Plaintiff's claims relate to her post-employment obligations owed to Dentsply. Plaintiff alleges that on October 16, 2020, she signed a "Confidentiality and Non-Competition Agreement (With Post-Employment Covenants)" with Dentsply (the "Agreement"). *Id.* ¶ 17.

12. Plaintiff alleges that the Agreement included a non-disclosure provision, two non-compete provisions, a customer non-solicitation provision, an employee non-solicitation provision, and a non-interference provision, with each provision (but for the indefinite non-disclosure provision) lasting for two years following the end of her employment with Dentsply. *See id.* ¶¶ 31–38.

13. Fox also alleges that the Agreement includes provisions—Paragraphs 9 and 10—requiring Dentsply to pay her an amount "equal to her monthly base pay plus her average monthly commissions if commissions made up over 30% of her compensation during her last year of employment," if, during the two years after she left Dentsply, she "is unable to obtain employment consistent with her training and education solely because of Dentsply's enforcement of the provisions of the Agreement concerning employment with a Competitor." *See id.* ¶ 135; *see also id.* ¶¶ 41–42.

14. Plaintiff further alleges that in January 2026, "Dentsply eliminated [her] position in a restructuring" and that her "last day of employment with Dentsply was February 13, 2026." *Id.* ¶¶ 29–30.

15. Per the FAC, "[i]n the summer of 2026, Fox began looking for new employment in the dental industry." *Id.* ¶ 44.

16. According to Plaintiff, she sought a job as a sales representative at one of Dentsply's dental implant competitors, Straumann, but was unable to obtain the position because Dentsply would not provide her with a full release from her post-employment obligations under the Agreement, causing Straumann to decline to hire her. *Id.* ¶¶ 45–60.

17. The FAC further alleges that Dentsply has not paid her any amounts allegedly owed under Paragraphs 9 and 10 of the Agreement for the time period she has been unable to work. *Id.* ¶ 62.

18. On the basis of these factual allegations, Plaintiff has brought an eight-count complaint against Dentsply. The first seven counts seek declaratory judgments that Fox's post-employment obligations under the Agreement are overbroad and unenforceable under Wisconsin law. *See id.* ¶¶ 66–131. The eighth count contends that Dentsply breached its contract with Fox by refusing to pay her the amounts allegedly owed to her under the Agreement "for each month since September 2026." *Id.* ¶¶ 132–141. Per Plaintiff, "[a]s a direct result of Dentsply's breach, Fox has been damaged in an amount not less than $12,000 for each month since [September] 2026, and she will continue to be damaged for each subsequent month for which Dentsply enforces the Agreement and refuses to pay [her]." *Id.* ¶ 142.

19. Among other forms of relief, Plaintiff seeks (1) declaratory judgments that Fox's post-employment obligations are illegal, void, and unenforceable; (2) a judgment "in an amount not less than $12,000" per month for each month starting in September 2026 in which she is unable to work in the dental industry because of her non-compete obligation; and (3) attorneys' fees and costs. *See id.* Prayer for Relief.

## ARGUMENT

20. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as this is a dispute between citizens of different states (Wisconsin for Plaintiff, Delaware and North Carolina for Defendant), and the amount in controversy exceeds $75,000, exclusive of interest and costs. Below, Dentsply focuses on the amount in controversy requirement.

21. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (requiring a defendant removing to federal court to file "a short and plain statement of the grounds for removal" (internal quotation marks omitted)). Where, as here, the defendant seeks federal jurisdiction, its amount in controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. Once the removing defendant has made its estimate of the amount in controversy and has "supported by proof . . . any contested jurisdictional facts," its "estimate of the dispute's stakes . . . controls unless a recovery that large is legally impossible." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

22. Moreover, removing parties may establish "what the controversy between the parties amounts to" from "either side's viewpoint (what a judgment would be worth to plaintiff, or what compliance with an injunction would cost the defendant)." *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 580 (7th Cir. 2017) (internal quotation marks omitted). They can do so through a variety of means, including "by calculation from the complaint's allegations" or "by reference to the plaintiff's informal estimates or settlement demands." *Id.* at 579 (internal quotation marks omitted).

23. Applying this legal standard to the facts at hand, the amount in controversy plainly exceeds $75,000.

**The Declaratory Relief Sought Places More than $75,000 in Controversy for Plaintiff**

24. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

25. From Plaintiff's viewpoint, the object of Counts 1 through 7 of the FAC is her freedom to work for a competitor, including Straumann, without being restricted by any of her post-employment covenants and obligations to Dentsply. Plaintiff alleges that the covenants prevent her from "freely and fully engag[ing] in her livelihood in the dental industry, the only industry in which she has worked for more than two decades," FAC ¶ 65, that Straumann "would have hired [her] but for the restrictive covenants," *id.* ¶ 60, and that she lost other employment opportunities as well, *id.* ¶ 53. Plaintiff earned a base salary of $144,000 per year with up to $60,000 more in annual commissions at Dentsply. *Id.* ¶ 28. The value of the earning capacity Plaintiff seeks to unlock over the roughly fifteen months remaining in the restricted period as of removal readily exceeds $75,000, even if a new position paid less than her Dentsply compensation.

26. Accordingly, Plaintiff's allegations in the FAC demonstrate that the amount in controversy requirement is met from her perspective. *See, e.g.*, *Clorox Co. v. S.C. Johnson & Son, Inc.*, 627 F. Supp. 2d 954, 964 (E.D. Wis. 2009) (holding amount in controversy met where former employee who joined a direct competitor stood to receive compensation "well over $75,000" with the competitor).

**The Damages Sought Also Place More than $75,000 in Controversy for Plaintiff**

27. Count 8 of the FAC alone also places more than $75,000 in controversy.

28. In Count 8, Plaintiff alleges that the Agreement obligates Dentsply to pay her "monthly base pay at termination" for "each month of such unemployment for a period not to exceed two (2) years." FAC ¶¶ 41, 135. Again, Plaintiff alleges her monthly base pay at termination was $12,000. *Id.* ¶¶ 28, 63.

29. Plaintiff does not limit her damages claim to a single month. Rather, she alleges that she was unable to obtain employment, and that Dentsply refused to pay her, "for each month since September 2026," *id.* ¶¶ 137–141, and that "she will continue to be damaged for each subsequent month for which Dentsply enforces the Agreement and refuses to pay," *id.* ¶ 142. She thus demands judgment "in an amount not less than $12,000, and for each subsequent month for which payment becomes due." *Id.*; Prayer for Relief ¶ 8. Plaintiff further alleges that Dentsply has repeatedly refused to release her from the Agreement—most recently on October 27, November 4, and November 9, 2026—and that she has "lost other employment opportunities" while trying to get hired by Straumann. *Id.* ¶¶ 53, 57–58.

30. Taking these allegations as true for purposes of removal, Plaintiff contends that the enforcement giving rise to the monthly payment obligation is ongoing and will continue through the end of the restricted period. The restricted period runs two years from Plaintiff's February 13, 2026 termination date, i.e., through February 13, 2028. *Id.* ¶¶ 30, 33. Plaintiff's claimed payments from September 2026 through January 2028 alone amount to seventeen months at $12,000 per month, or $204,000.

31. Plaintiff also alleges that the Agreement provides for base pay plus average monthly commissions where commissions exceeded 30% of compensation. FAC ¶¶ 41, 135. Plaintiff alleges she was eligible for up to $60,000 per year in commissions on top of her $144,000 base salary. *Id.* ¶ 28. To the extent Plaintiff contends the commission component applies, the monthly payment—and the amount in controversy—would be greater still, further illustrating that the amount in controversy is met here.

32. Finally, any remaining doubt that the amount in controversy here exceeds $75,000 is extinguished by Plaintiff's litigation conduct, specifically, her decision to issue a settlement

demand of $245,705. When a lawyer makes a settlement demand, it "reveal[s] what [plaintiff] thinks his loss[es] amount[] to," which "is the amount 'in controversy.'" *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006). Such settlement demands may be—and frequently are—considered in calculating the amount in controversy without running afoul of Rule 408 of the Federal Rules of Evidence because they are admitted "to show the stakes, a question independent of the claim's merit." *Id.*; *see also Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012) (treating settlement demand of $250,000 as proof that the amount in controversy was met). Here, on November 6, 2026, Plaintiff made a settlement demand for $245,705, thus confirming that the amount in controversy is met here.

**The Relief Sought Also Places More than $75,000 at Issue for Dentsply**

33. From Dentsply's perspective, Plaintiff seeks to invalidate every post-employment protection in the Agreement—its confidentiality covenant, its non-competition covenants, and its customer non-solicitation, employee non-solicitation, and non-interference covenants. FAC, Prayer for Relief ¶¶ 1–7.

34. This is no small matter to Dentsply. Plaintiff alleges that she managed a team of seven to eleven sales representatives, served as a Regional Sales Manager for approximately thirteen years, had contact with "hundreds of customers" in her last three years, and managed territories spanning multiple Midwestern states. *Id.* ¶¶ 11, 20–21, 26, 112. As these allegations demonstrate, Plaintiff was a valuable part of Dentsply's business.

35. If Plaintiff prevails on her claims for declaratory relief and goes to work in her former region of operation for Straumann or one of Dentsply's other competitors, free to share Dentsply's valuable confidential information, to solicit her former customers, to recruit her long-time colleagues, and to transfer customer goodwill to her new employer, the damage to Dentsply

will substantially exceed $75,000, confirming that the amount in controversy requirement is satisfied here. *See, e.g.*, *Johnson v. ISCO Indus., LLC*, 2008 WL 4999274, at *2 (E.D. Wis. Nov. 21, 2008) (finding amount in controversy met in declaratory judgment case regarding enforceability of restrictive covenants where defendant risked losing customer goodwill, "customer information[,] and business to a direct competitor," placing more than $75,000 at issue).

## CONCLUSION

36. For the foregoing reasons, this action is properly removed to this Court.

37. Dentsply reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12. By filing this Notice of Removal, Dentsply does not waive any jurisdictional or other defenses that might be available to it, and nothing herein is an admission of any allegation in the FAC or of liability or damages in any amount.

**WHEREFORE**, Dentsply respectfully requests that this action be removed from the Circuit Court of Waukesha County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, in accordance with 28 U.S.C. § 1441, and for such further legal, equitable, or other relief that the Court deems just and proper.

This the 20th day of November 2026.

LINDNER & MARSACK

By: s/*Daniel J. Finerty*

Daniel J. Finerty
State Bar No. 1025406
411 E. Wisconsin Ave., Suite 1800
Milwaukee, WI 53202-4498
Ph: 414-273-3910

Fax: 414-273-0522
E-mail: dfinerty@lindner-marsack.com

SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.
Kerry Shad (Application for Admission Forthcoming)
Peter Vogel (Application for Admission Forthcoming)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on this day the undersigned has served the foregoing in the above-entitled action upon all other parties to this cause by electronic mail addressed to the following parties:

Larry A. Johnson
Connor Clegg
Hawks Quindel, S.C.
5150 N. Port Washington Road, Suite 243
Milwaukee, WI 53217
ljohnson@hq-law.com
cclegg@hq-law.com
Attorneys for Plaintiff

This the 20th day of November 2026.

LINDNER & MARSACK

By: s/*Daniel J. Finerty*
Daniel J. Finerty
State Bar No. 1025406
411 E. Wisconsin Ave., Suite 1800
Milwaukee, WI 53202-4498
Ph: 414-273-3910
Fax: 414-273-0522
E-mail: dfinerty@lindner-marsack.com